UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>PSI Water Systems, Inc.
d/b/a ENCON Evaporators</u>

    v.                                   Civil No. 14-cv-391-LM
                                        Opinion No. 2015 DNH 119

<u>Robuschi USA, Inc.</u>

**O R D E R**

PSI Water Systems, Inc. ("ENCON"), which manufactures evaporators that are used for water decontamination, has sued Robuschi USA, Inc. ("Robuschi") in five counts, asserting claims arising from Robuschi's sale of allegedly defective blowers that ENCON incorporated into its evaporators.[1]  Before the court is Robuschi's motion to dismiss ENCON's complaint.  Robuschi's motion is based upon a forum selection clause that, according to Robuschi, requires this matter to be litigated in Parma, Italy.  ENCON objects.  The court heard oral argument on Robuschi's motion on June 3, 2015.  For the reasons that follow, Robuschi's motion is denied.

---

[1] Specifically, ENCON asserts claims for: (1) breach of express warranty; (2) breach of the warranty of fitness for a particular purpose; (3) breach of the warranty of merchantability; (4) misrepresentation; and (5) violation of the New Hampshire Consumer Protection Act.

**The Legal Standard**

As a preliminary matter, there is some dispute over the proper procedural mechanism for litigating the enforcement of a forum selection clause, such as the one on which Robuschi relies, that requires litigation in a forum outside the federal judicial system.

In Rivera v. Centro Médico de Turabo, Inc., the court of appeals for this circuit pointed out that "[i]n this circuit, we treat a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." 575 F.3d 10, 15 (1st Cir. 2009) (citing Silva v. Encyc. Britannica, Inc., 239 F.3d 385, 387 & n.3 (1st Cir. 2001); Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1289-90 (11th Cir. 1998)).

The plaintiff, however, argues that Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas provides the applicable mechanism. In that case, the United States Supreme Court stated that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." 134 S. Ct. 568, 580 (2013). But, the Supreme Court also had this to say:

> An amicus before the Court argues that a defendant in a breach-of-contract action should be

> able to obtain dismissal under Rule 12(b)(6) if the plaintiff files suit in a district other than the one specified in a valid forum-selection clause. See Brief for Stephen E. Sachs as Amicus Curiae. Petitioner, however, did not file a motion under Rule 12(b)(6), and the parties did not brief the Rule's application to this case at any stage of this litigation. We therefore will not consider it.

Id.

After Atlantic Marine, the First Circuit returned to the question of the proper procedure for asserting a defense based upon a forum selection clause in Claudio-de León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41 (1st Cir. 2014). The First Circuit noted that:

> [A]bsent a clear statement from the Supreme Court to the contrary, the use of Rule 12(b)(6) to evaluate forum selection clauses is still permissible in this Circuit, and we will not decline to review or enforce a valid forum selection clause simply because a defendant brought a motion under 12(b)(6) as opposed to under § 1404 or forum non conveniens.

Id. at 46 n.3. Based upon the foregoing, the court cannot agree with plaintiff that Atlantic Marine takes Rule 12(b)(6) off the table as a mechanism for enforcing the forum selection clause that defendant invokes.

That said, "[t]he fact that a motion to dismiss on the basis of a forum selection clause is treated as a [Rule] 12(b)(6) motion has certain consequences for the materials that [this] court may appropriately consider when ruling on such a motion." Rivera, 575 F.3d at 15. Specifically:

3

> Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment.

Id. (internal quotation marks omitted).

Here, resolution of the issue before the court depends upon the court's consideration of matters outside the pleadings, such as the document containing the forum selection clause on which Robuschi relies. Under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Rule 12(d) further provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." At oral argument, both parties affirmed that all the material necessary to rule on Robuschi's motion has been placed before the court. Accordingly, the court treats Robuschi's Rule 12(b)(6) motion as one for summary judgment under Rule 56.

A movant is entitled to summary judgment upon a showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing the record, the court construes all facts and reasonable inferences in the light most favorable to

the nonmovant.  Kelley v. Corr. Med. Servs., Inc., 707 F.3d 108, 115 (1st Cir. 2013).

## Background

In this section, some general background is drawn from ENCON's complaint, while the facts germane to resolving the question before the court are drawn from the summary judgment record.  That said, with respect to the applicability of the forum selection clause on which Robuschi relies, there are no facts in dispute.

ENCON manufactures evaporators and evaporator systems. Robuschi manufactures blowers, which can be incorporated into evaporators such as the ones ENCON manufactures.  ENCON purchased eight blowers from Robuschi.  Six of them failed within months of being put into service, and the other two have not been put into service.

The court now turns to the facts underlying Robuschi's contention that ENCON is barred from litigating its claims in this court by a forum selection clause that was included in the contract under which ENCON purchased Robuschi's blowers.

As a preliminary matter, it is undisputed that there is no single purchase and sale agreement that covers the transactions involving the eight blowers at issue in this case.  The summary judgment record does, however, include: (1) three proposals

transmitted by Robuschi to ENCON covering three blowers,[2] none of which says anything about the forum in which disputes between Robuschi and ENCON were to be litigated; (2) six purchase orders submitted by ENCON to Robuschi covering eight blowers,[3] none of which says anything about choice of forum; (3) one invoice issued by Robuschi to ENCON covering one blower, which says nothing about choice of forum; and (4) four order confirmations transmitted by Robuschi to ENCON covering five blowers, none of which says anything about choice of forum.  Not only were Robuschi's proposals, invoices, and order confirmations silent as to the matter of forum selection, there is no evidence that any of those documents was transmitted to ENCON in association with any other document(s) that addressed the matter of forum selection.

On February 24, 2011, after Robuschi had sent ENCON three proposals and before ENCON placed its first order on March 10, 2011, ENCON's president, Mark Fregeau, received an e-mail from Robuschi's sales manager, Christopher Harper.  That e-mail,

---

[2] One of the proposals is dated August 3, 2010; the other two are dated October 25, 2010.

[3] Two of the purchase orders (each for one blower) are dated March 10, 2011; an order for two blowers is dated December 5, 2011; an order for two blowers is dated December 16, 2011; an order for one blower is dated June 18, 2012; and an order for one blower is dated October 23, 2012.

transmitted: (1) a credit application; (2) an IRS W-9 form; and (3) a document titled "Terms & Conditions of Sale" ("Terms & Conditions").  The Terms & Conditions begins with the following sentence:

> Sales contracts entered into by Robuschi USA, Inc. ("Seller") are governed by these general conditions of sale, with the exception of variations explicitly agreed [to] in writing and expressly approved in writing by the General Management of the Seller.

Pl.'s Obj., Fregeau Decl., Ex. F (doc. no. 10-8), at 2 of 11.  That document also includes the following provision, which was highlighted in the copy Harper sent to Fregeau:

> All disputes arising from this contract and its interpretation and/or execution are subject to Italian jurisdiction and attributed exclusively to the competence of the court of Parma, and the Buyer expressly relinquishes his own jurisdiction and all other places of jurisdiction.

Id. at 6 of 11.  Finally, the document includes a signature line calling for execution by a representative of the buyer.

While Fregeau executed and returned both the credit application and the W-9 form, he neither filled in the signature line of the Terms & Conditions nor returned that document to Robuschi.  Pl.'s Obj., Fregeau Decl. (doc. no. 10-2) ¶¶ 8-9.  In the e-mail by which ENCON transmitted the executed credit application and W-9 form to Robuschi, an ENCON office administrator explicitly asked whether Robuschi "need[ed] any additional information."  Fregeau Decl., Ex. G (doc. no. 10-9),

7

at 1 of 2.  Nobody from Robuschi ever asked ENCON for an executed copy of the Terms & Conditions.  Fregeau Decl. (doc. no. 10-2) ¶ 10.

### Discussion

Based upon the foregoing, Robuschi argues that the forum selection clause recited in the Terms & Conditions was a part of its contract with ENCON.  ENCON disagrees.  ENCON has the better argument.

The applicable law has been aptly summarized in a recent order from Judge Laplante:

> "Before a court considers whether to enforce a forum selection clause, it must decide a few threshold matters, such as whether (1) the parties entered into a valid contract of which the forum selection clause was an agreed-to provision, (2) the clause is mandatory and (3) the clause governs the claims asserted in the lawsuit." Provanzano v. Parker View Farm, Inc., 827 F. Supp. 2d 53, 58 (D. Mass. 2011); see also Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A., 572 F.3d 86, 89 (2d Cir. 2009) (similar).  The party seeking enforcement of the clause bears the burden of establishing these elements by a preponderance of the evidence. Altvater, 572 F.3d at 89; AIG Mexico Seguros Interamericana, S.A. de C.V. v. M/V Zapoteca, 844 F. Supp. 2d 440, 442 (S.D.N.Y. 2012).

Expedition Leather LLC v. FC Org. Prods. LLC, No. 11-cv-588-JL, 2013 WL 160373, at *1 (D.N.H. Jan. 15, 2013).[4]  The court's

---

[4] Judge Laplante also explained that "[w]here the applicability of a forum selection clause turns on disputed factual issues, 'the district court may weigh evidence, assess credibility, and make findings of fact that are dispositive.'" Expedition, 2013 WL 160373, at *1 (quoting Murphy v. Schneider

analysis begins and ends with the first threshold matter, i.e., whether ENCON and Robuschi entered into a valid contract that included the forum selection clause from the Terms & Conditions as an agreed-to provision.

ENCON does not dispute that it entered into several valid contracts with Robuschi for the purchase and sale of blowers. The dispositive question is whether the forum selection clause from the Terms & Conditions was an agreed-to provision of any such contract.

Before turning to that question, however, it is useful to focus on contract formation and consider the manner in which the agreement between the parties was made.  New Hampshire's enactment of the Uniform Commercial Code ("UCC") applies to this transaction because the transactions at issue have a "reasonable relation" to New Hampshire.  See RSA § 382-A:1-301.  Under the UCC, "[a] contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract."  N.H. Rev. Stat. Ann. ("RSA") § 382-A:2-204(a).  Notwithstanding the flexibility of the UCC, and regardless of the particular manner

---

Nat'l, Inc., 362 F.3d 1133, 1139-40 (9th Cir. 2004)).  Here, however, there appear to be no disputed factual issues requiring factfinding.

in which a contract is formed, contract formation requires an offer and its acceptance. See RSA 382-A:2-206.

In the memorandum of law supporting its motion to dismiss, Robuschi simply assumes that the forum selection clause in the Terms & Conditions applies and offers no theory of contract formation. ENCON argues that this case involves a series of contracts, each formed by means of a purchase order (offer) and an order confirmation (acceptance). In so arguing, ENCON relies upon Dyno Construction Co. v. McWane, Inc. for the proposition that "[t]ypically, a price quotation is considered an invitation for an offer, rather than an offer to form a binding contract." 198 F.3d 567, 572 (6th Cir. 1999) (quoting White Consol. Indus., Inc. v. McGill Mfg. Co., 165 F.3d 1185, 1190 (8th Cir. 1999)). Robuschi responds:

> It makes no difference, as ENCON asserts, that "quotes or proposals are generally not to be considered offers . . . ." (Pl.'s Mem. at 13.) Robuschi's Terms & Conditions were its unequivocal declaration of the ground rules upon which it would agree to supply goods in the future, whether pursuant to a single order or a series of them. If ENCON disagreed with any of the Terms & Conditions, it could have objected and resolved its disagreement before placing any orders. It did not.

Def.'s Reply Mem. (doc. no. 13) 4.

Robuschi, however, provides no authority for the proposition that a term in a unilateral declaration of "ground rules" promulgated by a seller independent from either an offer

10

or an acceptance is an agreed-to provision of the contract between that seller and a buyer. Moreover, the law on this point favors ENCON.

In Bent Glass Design v. Scienstry, Inc., Civ. No. 13-4282, 2014 WL 550548 (E.D. Pa. Feb. 12, 2014), a buyer sued a seller and the seller moved to transfer venue based upon a forum selection clause that was included in a set of terms and conditions that was transmitted to the buyer independently from any of the documents that constituted the offer and acceptance that formed the contract between the parties. In that case, the buyer argued that its contract with the seller was formed when it sent the seller a purchase order in response to a price quotation. See id. at *8. The seller "argue[d] that the contract was formed when [the buyer] placed its first order [five days later], and that [the buyer]'s knowledge of the Terms and Conditions incorporated them within the agreement." Id. The seller imputed knowledge of the Terms and Conditions to the buyer

> because [the buyer] "knew of and/or should have known of the terms and conditions of sale, which included the forum selection clause, because it was incorporated into two emails that were sent to and received by [the buyer], in addition to being on [the seller's] website, which [the buyer] visited before ever contacting [the seller]."

Id. (quoting the record).  Judge Kelly was not persuaded, pointing out that the seller's price quotation and the buyer's purchase order were mirror images of each other, and that neither one included either the seller's terms and conditions or any reference to them.  See id. at *9.  Judge Kelly also rejected the seller's incorporation by reference argument because "there was no clear reference to the Terms and Conditions in the [documents that memorialized] the contract." Id. at *10.

Standing in contrast to Bent Glass is Golden Valley Grape Juice & Wine, LLC v. Centrisys Corp., No. CV F 09-1424 LJO GSA, 2010 WL 347897 (E.D. Cal. Jan. 22, 2010).  While that case was governed by the United Nations Convention on Contracts for the International Sale of Goods rather than the UCC, it is nonetheless instructive.  In Golden Valley, Judge O'Neill ruled that a set of general conditions was incorporated into the agreement between a buyer and a seller.  See id. at *5.  But in Golden Valley, "the General Conditions accompanied the sales quote [and] were attached, contemporaneously, with the sales quote and with other sale information, such as warranty information and banking information, which were included in the email."  Id.  According to Judge O'Neill:

> The evidence establishes that at the time STS sent its
> sales quote to Centrisys, it contemporaneously sent

12

>  its General Conditions as part of the attachments.  By
>  adopting the terms of the sales quote, Centrisys
>  accepted the terms upon which the centrifuge had been
>  offered, including the General Conditions.  Thus,
>  Centrisys accepted the General Conditions.

Id.  Here, in contrast, Robuschi has produced no evidence that it attached the Terms & Conditions to either its proposals or its order confirmations.

As the court has noted, ENCON's theory of contract formation, which Robuschi does not contest, is that the purchase orders it submitted to Robuschi were offers that were accepted by Robuschi's order confirmations.  If Robuschi's terms and conditions had been printed on its order confirmations, if the Terms & Conditions had been mentioned in those confirmations, or if a copy of the Terms & Conditions had been transmitted contemporaneously with Robuschi's confirmations, then, perhaps, the court would have to determine, under RSA 382-A:2-207, whether the forum selection clause was a provision of the parties' agreement.  See JOM, Inc. v. Adell Plastics, Inc., 193 F.3d 47, 52-59 (1st Cir. 1999) (performing § 2-207 analysis based upon damage limitation provision contained in invoices); Golden Valley, 2010 WL 347897, at *5.  But, there is no evidence that Robuschi included any provision from the Terms & Conditions in its confirmations of ENCON's orders, referred to the Terms & Conditions in its confirmations, or sent ENCON a copy of the

Terms & Conditions in connection with its acceptance of ENCON's orders.  Accordingly, under ENCON's theory of contract formation, the court has no basis for conducting a § 2-207 analysis, and no basis for finding that the forum selection clause was an agreed-to provision of any contract between ENCON and Robuschi.  Moreover, while Robuschi does not propose an alternative theory of contract formation, there is no theory under which the outcome would be different.  That is, even if the contract(s) in this case had been formed by a proposal and a purchase order, as in Bent Glass, see 2014 WL 550548, at *8, rather than by a purchase order and an order confirmation, the forum selection clause on which Robuschi relies was not printed on the proposal, incorporated by reference into it, or transmitted contemporaneously with it.

  In light of Bent Glass and Golden Valley, and the undisputed facts in the summary judgment record, the court concludes that Robuschi has not carried its burden of establishing, by a preponderance of the evidence, that the forum selection clause in the Terms & Conditions was an agreed-to provision of any contract between itself and ENCON for the purchase and sale of blowers.  In so ruling, the court recognizes that in Expedition, the parties agreed that the contract between them did include a term drawn from a set of

14

"Standard Terms and Conditions" that the buyer had sent the seller a month before it issued a purchase order that the seller later accepted in writing. While the scenario in Expedition might seem to support Robuschi's position, it is important to note that the parties in Expedition never litigated, and Judge Laplante never decided, whether a set of general terms and conditions can become a part of a contract when those terms and conditions are not directly associated with either the offer or the acceptance underlying the formation of the contract between a buyer and a seller. Accordingly, Expedition does nothing to support Robuschi's position.

## Conclusion

For the reasons detailed above, Robuschi's motion to dismiss, document no. 6, treated herein as a motion for summary judgment, is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

June 16, 2015

cc:  Steve E. Grill, Esq.
     Michael D. Huitink, Esq.
     Edward M. Kaplan, Esq.
     Matthew M. Wuest, Esq.